# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff/Counter Defendant, | ) ) |
| v. | ) ) Case No. 05-0922-CV-W-RED |
| WILLIAM EDWARD ROYSTER, | ) ) ) |
| Defendant/Counter Plaintiff. | ) |

## ORDER

NOW before the Court is Plaintiff The Guardian Life Insurance Company of America's Motion to Dismiss (Defendant's Counterclaim) with Prejudice (Doc. 17), and Plaintiff The Guardian Life Insurance Company of America's Memorandum in Support of Its Motion to Dismiss (Doc. 18). Defendant has not responded to the Motion to Dismiss and the time for response has expired.

Plaintiff filed a Complaint against Defendant seeking a Declaratory Judgment that Defendant had materially misrepresented certain facts of his medical background on a group disability insurance policy application, and that as a result, the Policy could be rescinded. Plaintiff seeks to dismiss Defendant's counterclaim on the grounds that it is only couched in Missouri State Law and is therefore preempted by ERISA.

ERISA covers "any employee benefit plan if it is established or maintained – by an employee, organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a). To determine if a plan is an ERISA covered plan, the Courts apply the "Donovan factors." *Harris v. Arkansas Book Co.*, 794 F.2d 358, 360 (8th Cir. 1986) (citing *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982) and approving

the use of the factors articulated therein for the Eighth Circuit).  These factors are (1) a plan, fund or program; (2) established and maintained; (3) by an employer or by an employee organization, or by both; (4) for the purpose of providing disability benefits; (5) to participants or beneficiaries. *Donovan*, 688 F.2d at 1371.  Given these factors and the facts articulated in Plaintiff's Suggestions in Support of Motion to Dismiss, the Court agrees that the plan in question is an ERISA plan.

As the plan is an ERISA governed plan, the next question for the Court is if the Counterclaim made by Defendant is based on state law.  It is clear that it is, as Defendant himself styles it as "Counter claim state law claim breach of insurance contract vexatious refusal to pay claim pursuant to § 375.296 V.A.M.S."  The Counterclaim states no other basis for the relief it seeks.  It is equally clear that vexatious refusal to pay claims for benefits of an ERISA plan are preempted by ERISA. In *Hoeflicker v. Central States, et al.*, 644 F.Supp. 196, 199 (W.D. Mo. 1986) the Court specifically found that claims under § 375.296 are preempted by ERISA's broad preemption provision. Accordingly, Defendant's counterclaim is due to be dismissed.

For the foregoing reasons, Plaintiff The Guardian Life Insurance Company of America's Motion to Dismiss with Prejudice (Doc. 17) is hereby **GRANTED**.  Defendant's Counterclaim is hereby dismissed in its entirety.

**IT IS SO ORDERED.**

DATE:        February 1, 2006             */s/ Richard E. Dorr*
                                          RICHARD E. DORR, JUDGE
                                          UNITED STATES DISTRICT COURT